UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BLAKE O'BRYAN SWANN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:23-CV-089-DCLC-DCP |
| | ) |
| STATE OF TENNESSEE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner, a former inmate of the Washington County Detention Center, filed a pro se petition for habeas corpus relief under 28 U.S.C. § 2254 [Doc. 1], two supplements to the petition [Docs. 5, 6], a motion for leave to proceed *in forma pauperis* [Doc. 7], and a letter [Doc. 8]. On May 26, 2023, this Court entered an order notifying Petitioner he had not submitted the documents required for the Court to grant him leave to proceed *in forma pauperis* and providing Petitioner thirty days to either pay the full filing fee or submit the necessary *in forma pauperis* documents [Doc. 9]. On June 5, 2023, the United States Postal Service ("USPS") returned the Court's mail to Petitioner containing this order as undeliverable, with a notation indicating that Petitioner had been released [Doc. 10 p. 5]. Also, more than thirty days have passed, and Petitioner has not complied with the that order or otherwise communicated with the Court. Accordingly, the Court will **DISMISS** this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Under Rule 41(b), the Court may dismiss a case due to a litigant's failure "to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that

the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted).

First, Petitioner's failure to timely comply with the Court's previous order was due to his willfulness or fault. While it appears that Petitioner did not receive that order because he was released from jail, the USPS returned the Court's mail to Petitioner containing the order more than fourteen days ago [Doc. 10]. And the Court had previously warned Petitioner of the requirement that he notify the Court of any address change within fourteen days, and that this action may be dismissed if he failed to respond to an order addressed to the last address he provided to the Clerk [Doc. 3 p. 1]. Second, Petitioner's failure to comply with the Court's order has not prejudiced Respondent. Third, the Court's previous order expressly warned Petitioner that failure to comply therewith may result in the dismissal of this action [Doc. 9 p. 1]. Finally, the Court concludes that alternative sanctions are not warranted, as Petitioner has failed to comply with the Court's unambiguous instructions.

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Petitioner's pro se status did not prevent him from complying with the Court's prior order, and his status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** pursuant to Rule 41 of the Federal Rules of Civil Procedure.

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. As jurists of reason would not debate the Court's finding that this action should be dismissed under Rule 41(b) based on Petitioner's failure to prosecute and comply with Court orders, a COA **SHALL NOT ISSUE**. Further, the Court also **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/Clifton L. Corker  
United States District Judge